## Appeal of CHARLES J. KINZEL.       Docket No. 1241.

No appeal lies from the determination of a deficiency for the year 1914.

Submitted February 25, 1925; decided March 9, 1925.

*W. W. Spalding, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

STERNHAGEN: The Commissioner moves to dismiss the appeal on two grounds, (1) that the proposed assessment covers additional tax for the year 1914, and (2) that the letter asserted by the taxpayer as the notification of the deficiency upon which his appeal is founded is not such a notice of determination as supports an appeal under section 274 (a).

The petition alleges and the taxpayer admits that the taxes in controversy are income taxes for the calendar year 1914. We have already held in *Mills' Appeal*, 1 B. T. A. 199, that the board is without jurisdiction in respect of taxes imposed by an act prior to the revenue act of 1916. Taxpayer's counsel urges, however, that although originally the taxes for the calendar year 1914 were imposed by the revenue act of 1913, this was changed with the enactment of the revenue act of 1916 by which the prior act was repealed. He argues, therefore, that although the provisions for the collection of the earlier tax were continued in effect, the taxes asserted subsequently to the enactment of the 1916 statute must be regarded as being imposed by the later statute which was substituted for the earlier.

It is argued that in drafting section 280 of the revenue act of 1924, it was unnecessary to include the 1913 act among those enumerated, because that act was supplanted by the 1916 act; wherefore the inclusion of the 1916 act comprehended the taxes for the earlier years. It is apparent, however, from other sections of the revenue act of 1924—e. g., section 277—that when Congress intended to legislate in respect of the taxes imposed by prior acts it set them forth specifically and did not rely upon the possible construction that such taxes were comprehended within the later act. We can not believe that Congress intended in section 280 to have the revenue act of 1916 include the prior acts, and in section 277 and other sections to have it exclude the prior acts so as to make necessary their specific enumeration. The appeal must therefore be dismissed on this ground, and it is unnecessary to examine the second question. The motion of the Commissioner is granted.